**Parker | Waichman LLP**
A NATIONAL LAW FIRM

NEW YORK | LONG ISLAND | NEW JERSEY | WASHINGTON, D.C. | FLORIDA

6 Harbor Park Drive
Port Washington, NY 11050-4647
Phone 516.466.6500
Fax 516.466.6665
800.LAW.INFO (529.4636)
www.yourlawyer.com

January 19, 2021

**Via Overnight Delivery**

Hon. Glenn A. Grant, J.A.D.
Acting Administrative Director of the Courts
Administrative Office of the Courts of the State of New Jersey
Richard J. Hughes Justice Complex
25 W. Market Street
Trenton, New Jersey 08625

> **Re: Application Pursuant to Rule 4:38A to Designate: In re Tasigna Litigation as a Multicounty Litigation for Centralized Management**

Dear Judge Grant:

The below attorneys and firms submit this letter on behalf of the sixty-four (64) Plaintiffs who have cases filed in New Jersey Superior Court alleging injury as a result of their use of Tasigna ("Tasigna Litigation"), a prescription medication manufactured and sold by Novartis Pharmaceuticals Corporation ("Novartis") for treatment of chronic myeloid leukemia. We write to request the designation of a Multicounty Litigation ("MCL") for centralized management pursuant to Rule 4:38A. MCL designation of these cases will reduce the likelihood of inconsistent results, reduce cost, eliminate delay, and conserve the resources of the Courts and the parties. In addition, there are many additional cases which are expected to be filed in the near future which further increases the need for centralized management of these cases. Accordingly, MCL designation is both appropriate and necessary and we respectfully request that this MCL be assigned to The Honorable Rachelle L. Harz, J.S.C. in Bergen County, New Jersey.

## BACKGROUND

On March 16, 2020, Parker Waichman filed *Lambert v. Novartis Pharmaceuticals Corporation* (MRS-L-000665-20) in the Superior Court of New Jersey, Law Division, Morris County, which was assigned to the Hon. William McGovern. Following the filing of the *Lambert* action, Parker Waichman, acting both as primary counsel and as local counsel for Elias LLC and OnderLaw LLC, has filed 63 additional cases in the New Jersey Superior Courts of Morris, Camden, Essex, and Ocean Counties which are pending before 8 different judges. These cases are identified in the Schedule of Actions, attached as **Exhibit A.**

In each of the cases, Plaintiffs allege that Novartis, which maintains its principal place of business in East Hanover, New Jersey, failed to warn that Tasigna could cause various forms of severe, accelerated, and irreversible atherosclerotic-related conditions (*i.e.*, the narrowing and hardening

of arteries delivering blood to the arms, legs, heart, and brain). Plaintiffs allege, further, that despite warning doctors and patients in Canada of the risks of certain atherosclerotic-related conditions, Novartis concealed, and continues to conceal, its knowledge of Tasigna's unreasonably dangerous risks from Plaintiffs, other consumers, and the medical community in the United States. As a result of this conduct, Plaintiffs each allege atherosclerotic-related injuries, including heart attacks, strokes, peripheral vascular disease, and amputations of their extremities.

## COORDINATION IS APPROPRIATE AND NECESSARY

Pursuant to Rule 4:38A and for the following ancillary reasons, we respectfully submit that the Tasigna Litigation warrants designation as an MCL.

I.  **The Tasigna Litigation involves a large number of parties that are geographically dispersed around the country.**

As with other MCLs centralized by this Court, the Tasigna Litigation involves a large number of parties that are geographically dispersed, as the product was, and still is, sold throughout the United States. The current actions filed in New Jersey involve plaintiffs representing at least 25 states across the United States including, Alabama, Arizona, California, Georgia, Hawaii, Iowa, Illinois, Indiana, Kansas, Kentucky, Louisiana, Michigan, North Carolina, New Jersey, New York, Ohio, Oregon, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia and West Virginia. These current actions are filed in multiple vicinages, including Morris, Camden, Essex and Ocean County. Plaintiffs submit that this geographical diversity makes Centralized Management necessary for the efficient handling of this litigation.

II. **The Tasigna Litigation involves claims with common issues of law and fact.**

All of these cases involve the same product, manufactured by the same Defendant, and include similar claims arising from Novartis' failure to timely and adequately disclose certain risks associated with the use of Tasigna. Therefore, the cases involve nearly identical liability issues. Furthermore, the cases involve common injuries and damages, raising common causation issues. Finally, Novartis is the entity responsible for the design, development, research, testing, manufacture, packaging, promotion, marketing, distribution, and/or sale of Tasigna in the United States. By necessity, there will be substantial overlapping discovery across these cases which strongly support consolidation before a judge experienced in managing complex litigation, so as to ensure consistent rulings on the complex issues that will invariably arise in these cases.

III. **Centralized Management is fair and convenient to the parties, witnesses, and counsel.**

It is in the interests of judicial economy and consistency to consolidate these cases so they may be managed and litigated without the risk of duplicative and/or inconsistent rulings. Centralized management will also conserve judicial resources, provide all parties with the benefits of coordinated discovery, and will not unreasonably delay the progress of this litigation, which is still in its early stages. Moreover, this litigation requires specialized expertise in complex litigation, as will be provided by a single, dedicated judge and staff. Centralization will allow

legal issues to be handled more efficiently and permit a single judge to develop the necessary expertise concerning liability and causation issues. In short, centralization will provide a fair, convenient, and cost-effective process for all parties, witnesses, counsel, and the Court.

## **BERGEN COUNTY IS THE MOST APRPOPRIATE VENUE**

In determining where to centralize a complex litigation such as this one, the Mass Tort Guidelines and Criteria for Designation list several factors to be considered. Among them are the location of the parties and their counsel, questions of fairness, and the existing civil and mass tort caseload. We submit that Bergen County is the best venue for consolidation of the Tasigna Litigation, in light of these factors.

While there are no cases currently filed in Bergen County, the actions filed in the other four counties are still in the very nascent stages of litigation. To date, there have been no dispositive or discovery motions filed, no depositions have been noticed, and the parties are still negotiating the scope of Novartis' document production. While discovery deadlines have been set in the majority of the cases, there have been no orders issued across all actions to coordinate any aspect of discovery, including those discovery deadlines. Moreover, there has been only one conference, held in *Chase v. Novartis Pharmaceuticals Corporation* (Docket No.: MRS-L-748-20), during which the court attorney, Michael Eisner, inquired as to whether the parties intended to seek judicial intervention to consolidate these cases given the volume of individual cases already filed. As this litigation is still in its infancy and the volume of cases continues to increase, it requires a jurist with experience in complex litigation to guide it to resolution.

Judge Rachelle L. Harz, who oversees all MCLs in Bergen County, would be the ideal jurist to handle this litigation. Judge Harz has extensive experience in overseeing complex pharmaceutical and medical device litigation such as this one. While Judge Harz is assigned to eight MCLs at the current time, at least three of them (Depuy ASR Hip Implant, Stryker Trident Hip, and Mirena) are at or near the end of the litigation. In addition, the Pelvic Mesh litigation which is still assigned to Judge Harz is very mature and the majority of cases have already been resolved. The final resolution of these matters will reduce the MCL caseload in Bergen Country significantly. This is in stark contrast to the current caseloads in Atlantic and Middlesex Counties, where numerous MCLs remain in active litigation, with a significant number of cases and trial dates anticipated to commence once juries can be impaneled again.

Finally, Bergen County is located such that it is convenient for the parties and their counsel. The venue is within close distance to both regional and international airports. Bergen is also within driving distance of Defendant's headquarters in East Hanover.

Accordingly, Plaintiffs respectfully request that this Court designate the Tasigna Litigation for MCL management before Judge Harz in Bergen County Superior Court. Richard Elias, counsel for certain plaintiffs herein, met and conferred with counsel for Novartis prior to the filing of this application. Counsel for Novartis indicated it will oppose the application.

## **CONCLUSION**

For the above reasons, Plaintiffs respectfully request that the Tasigna Litigation be designated as Multicounty Litigation for Centralized Management pursuant to Rule 4:38A, for the efficient and effective administration of these cases.

Thank you for your consideration of this matter.

Respectfully submitted,

_____
Melanie H. Muhlstock
Raymond C. Silverman
**Parker Waichman LLP**
6 Harbor Park Drive
Port Washington, New York 11050
Tel: (516) 466-6500
Fax: (516) 466-6665
mmuhlstock@yourlawyer.com
rsilverman@yourlawyer.com

_____
Richard Elias
**Elias LLC**
231 S. Bemiston Avenue
Suite 800
St. Louis, MO 63105
Tel: (314) 391-6820
relias@eliasllc.com

_____
James G. Onder
Lawana S. Wichmann
**Onder Law LLC**
110 East Lockwood, 2nd Floor
St. Louis, MO 63119
Tel: (314) 936-9000
Fax: (314) 963-1700
onder@onderlaw.com
wichmann@onderlaw.com

Cc: Kelly Jones Howell, Esq. (via email)
Marina Plotkin, Esq. (via email)
Robert E. Johnston, Esq. (via email)
Donald R. McMinn, Esq. (via email)
Andrew L. Reissaus, Esq. (via email)
Melissa Czartoryski (via email)