**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In Re: Tasigna (Nilotinib)<br>Products Liability Litigation | MDL No. 3006 |

**DECLARATION OF ANDREW L. REISSAUS IN SUPPORT OF
NOVARTIS PHARMACEUTICALS CORPORATION'S RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION FOR TRANSFER OF ACTIONS**

I, Andrew L. Reissaus, Esquire, make this declaration pursuant to 28 U.S.C. § 1746 certify as follows:

1. I am a partner with the law firm of Hollingsworth<sub>LLP</sub>, attorneys for Defendant Novartis Pharmaceuticals Corporation ("NPC"), and I have personal knowledge of the matters set forth herein regarding the pending actions sought to be centralized in the above-captioned matter.

2. Since almost from the inception of this litigation in March 2020, NPC's counsel has coordinated with the three firms Elias LLC, Onder Law, and Parker Waichman LLC (collectively "plaintiffs' counsel") who represent all plaintiffs in the pending actions, including in more than 130 cases pending in New Jersey state court where plaintiffs allege injuries from use of Tasigna®. In all of Elias LLC's and Onder Law's New Jersey state court cases, Parker Waichman is their co-counsel.

3. NPC's counsel and plaintiffs' counsel have agreed to an Electronic Storage Information ("ESI") Protocol that is applicable to all pending actions. *E.g.*, ESI Protocol, *Colella v. NPC,* Case No. 3:20-cv-00367 (D. Conn. Aug. 4, 2020) (ECF Nos. 41-1, 42).

4. NPC's counsel and plaintiffs' counsel have agreed to a Stipulated Protective and Confidentiality Order that is applicable to all pending actions. *E.g.*, Stipulated Protective and Confidentiality Order, *Hurd v. NPC,* Case No. 2:20-cv-00262 (D.N.M. Aug. 4, 2020) (ECF No.

29).

5. Plaintiffs have provided medical authorizations which have been used to collect more than 66,000 pages of records in the nineteen cases.

6. The parties have exchanged written discovery requests and responses in fourteen of the nineteen federal cases.

7. Counsel at Elias LLC, who are co-counsel with Onder Law in all of their federal cases, have indicated they intend to share a document repository with Parker Waichman.

8. NPC produced to plaintiffs' counsel more than 10 million pages of documents that were previously produced in two prior resolved personal injury cases involving Tasigna®. The plaintiffs in those two cases were represented by one of Movant's counsel, Richard Elias. *See* Ltr. from NPC's Counsel to Pls.' Counsel (July 20, 2020) (Ex. 1). These documents span from Tasigna®'s first approval in the United States in 2007 through 2014, and include, among other things:

    a. The Tasigna® regulatory file;

    b. Over 100,000 company emails from 14 custodians; and

    c. Company organizational charts.

9. NPC has also provided plaintiffs' counsel copies of the deposition transcripts and exhibits of six NPC corporate witnesses deposed in those cases. *Id.*

10. NPC has produced updated organizational charts from periods before 2007 and after December 2014. *See* Ltr. from NPC's Counsel to Pls.' Counsel (Dec. 11, 2020) (Ex. 2). NPC also has provided plaintiffs' counsel with lists of dozens of individuals who worked on Tasigna® in primary functional roles, including individuals who may have been involved with the Tasigna® team's evaluation of cardiovascular events. *See* Ltr. from NPC's Counsel to Pls.'

Counsel (Dec. 21, 2020) (Ex. 3).

11. NPC has produced to plaintiffs' counsel documents from seven non-custodial sources, and additional productions are forthcoming. *See* Ltr. from NPC's Counsel to Pls.' Counsel (Apr. 23, 2021) (Ex. 4). This included:

    a. Tasigna® sales force call notes for visits made to each plaintiff's prescribing physicians;

    b. an index of non-medical inquiries from and responses to plaintiffs' prescribing doctors;

    c. an index of medical inquiries from and responses to plaintiffs' prescribing doctors;

    d. NPC's pre-clinical and clinical trial data repositories;

    e. an updated collection of standard operating procedures;

    f. adverse events and underlying adverse event files regarding the plaintiffs' alleged cardiovascular events; and

    g. an index of approved Tasigna® promotional materials.

12. NPC has produced case-specific data for fourteen of the nineteen cases filed and will supplement its production for recently filed cases.

13. To date, NPC has produced to plaintiffs more than 480,000 documents, which is an estimated more than 10.8 million pages and comprises more than 530 gigabytes. *See id*.

14. NPC intends to produce updated custodial file productions of six individuals whose documents were produced in two prior resolved Tasigna® to cover later time periods after December 31, 2014.

15. NPC also intends to produce additional documents once NPC's counsel and

plaintiffs' counsel reach an agreement on the identity of additional custodians and search terms for NPC's documents. Plaintiffs' counsel has identified custodians from whom plaintiffs want documents, and NPC has agreed to produce files from some custodians. *See* Ltr. from Pls.' Counsel to NPC's Counsel (Apr. 6, 2021) (Ex. 5); Ltr. from NPC's Counsel to Pls.' Counsel (Apr. 30, 2021) (Ex. 6). The parties continue to meet and confer regarding the thirty-six additional custodians sought by plaintiffs and the use of additional search terms beyond those in the prior cases. Once the parties reach agreement or obtain a court resolution on these two issues, NPC will produce additional documents. Movant's counsel has represented that they will accept the search terms agreed to between NPC's counsel and Parker Waichman LLC.

16.   NPC and counsel for all plaintiffs have agreed that depositions of NPC's corporate representatives and employees will be applicable across all the Tasigna® cases, including the six company witness depositions that were taken in two prior resolved Tasigna® cases. In the pending actions, plaintiffs' counsel have taken two Rule 30(b)(6) depositions of NPC's corporative representatives, including one on NPC's corporate structure for the Tasigna® unit, both of which are applicable across the litigation. *See* Email from NPC's Counsel to Pls.' Counsel (Mar. 15, 2021) (Ex. 7).

17.   Plaintiffs' depositions are scheduled in three of the pending actions. *See* Am. Notice of Dep. to Pl. Sheila Colella (Apr. 26, 2021) (Ex. 8); *see also* Email from NPC's Counsel to Pls.' Counsel (Apr. 20, 2021) (confirming dates for plaintiffs' depositions in two cases) (Ex. 9). NPC is awaiting dates of Movant's availability to schedule his deposition. *See* Email from NPC's Counsel to Pls.' Counsel (Apr. 15, 2021) (Ex. 10).

18.   Depositions of plaintiffs' doctors have been scheduled in several cases and some of those depositions have already occurred in one case. For example, several treating physicians

who have been deposed disavowed any opinion that Tasigna® caused one plaintiff's alleged cardiovascular injury. Instead these witnesses testified that the presence of significant risk factors could explain plaintiff's cardiovascular disease, including a more than decade-long history of cardiovascular disease that required surgical intervention before Tasigna® treatment started, a history of smoking, obesity, high cholesterol, high blood pressure, and a family history of cardiovascular disease. *E.g.*, Redacted Dep. Tr. 38:19-49:20; 54:20-56:20; 59:20-65:2; 90:7-92:15 (Apr. 16, 2021). (Ex. 11). The physicians also testified that plaintiff's cardiovascular disease was not abnormal in its progression. *E.g.*, *id.* at 164:10-165:8; 229:4-230:15.

19.   NPC intends to continue informal coordination efforts with plaintiffs in these pending actions and any additional actions that are filed.

Dated: May 6, 2021                                          _____
                                                            Andrew L. Reissaus, Esq.