# Exhibit A

Kelly Jones Howell (State Bar ID # 030682005)
Marina Plotkin (State Bar ID # 047582005)
**HARRIS BEACH PLLC**
One Gateway Center, Suite 2500
Newark, New Jersey 07102
(973) 848-1244
KHowell@HarrisBeach.com
MPlotkin@HarrisBeach.com
Attorneys for Defendant Novartis Pharmaceuticals Corporation

| | |
|---|---|
| THERESA DALTON,<br><br>Plaintiff,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY<br><br>DOCKET NO.:  MRS-L-000662-20<br><br>CIVIL ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF NOVARTIS PHARMACEUTICALS CORPORATION'S MOTION TO CONSOLIDATE**

**Introduction**

Pursuant to Rule 4:38, Defendant Novartis Pharmaceuticals Corporation (NPC) respectfully submits this brief in support of its motion to consolidate before this Court all cases pending in Morris County asserting claims related to its product, Tasigna®.

Since March 2020, beginning with the above-captioned plaintiff, ninety-nine plaintiffs have filed lawsuits in the Superior Court of Morris County alleging injury related to NPC's product, Tasigna® – a tyrosine kinase inhibitor (TKI) medication that is FDA-approved to treat patients with chronic myeloid leukemia (CML). Those cases are pending before Judges Ramsey,

Minkowitz, McGovern, Franzblau, and Bogaard. In December 2020, three plaintiffs who had originally filed their cases in Morris County voluntarily dismissed them and re-filed in Essex County, Ocean County, and Camden County respectively.[1] Those are now the only three Tasigna® cases in New Jersey state court pending outside of Morris County. Ninety-eight plaintiffs are represented by the same New Jersey law firm, Parker Waichman LLP, with some plaintiffs also having additional out-of-state co-counsel.[2]

Morris County is the only venue with any connection to all of the filed cases. NPC's headquarters is located within the county in East Hanover, making it a proper venue pursuant to Rule 4:3-2. Ninety-three percent of the pending cases involve out-of-state plaintiffs, and, of the cases remaining in Morris County, no New Jersey county is the residence of more than a single New Jersey resident.

All of the cases have been assigned to Civil Track III for discovery end date purposes. In the ninety-six remaining Morris County cases, the judges handling the cases have all allowed the parties to collaborate on creating schedules for the interim pretrial discovery deadlines. To date, the parties have worked cooperatively to submit agreed-upon schedules in the cases, without exception. The schedules all provide dates for periodic Case Management Conferences at which the various courts have been kept abreast of the parties' progress. Additionally, Michael Eisner, Esq., who has been tasked with overseeing discovery in many Morris County cases, is in regular communication with the parties across all cases regarding case status.

Given the posture of litigation involving Tasigna® and the length of time many of these cases have been pending, significant progress has been made in the cases. Both parties have served

---

[1] If consolidation is granted in Morris County, NPC will move to transfer venue to Morris County in those cases so that they may be consolidated here as well.
[2] A chart listing all 96 cases pending in Morris County is attached as **Exhibit A** to Certification of Kelly Jones Howell, Esq. dated March 9, 2021.

and responded to written interrogatories and document requests in dozens of cases. Through a prior Tasigna® case in another jurisdiction, NPC has already provided plaintiffs with more than 480,577 documents that equate to ten million pages consisting of, among other things, over 100,000 company emails from 14 custodians, the Tasigna® regulatory file and organizational charts dating back to 2007, and the identities of numerous individuals involved in the internal evaluation of issues related to cardiovascular events. NPC has also collected over eighty-eight thousand pages of medical records for the various plaintiffs. Having collected the requisite records, NPC is ready to proceed with the depositions of plaintiffs in the earliest filed cases, and has requested their availability.[3]

Despite the fact that these cases are moving forward appropriately here in plaintiffs' chosen venue – Morris County, plaintiffs applied for Multicounty Litigation (MCL) designation with the New Jersey Supreme Court (NJSC) and requested that the cases be transferred to Judge Rachelle Harz in Bergen County. NPC is opposing plaintiffs' MCL application on the grounds that these cases can be consolidated in Morris County and handled most conveniently and effectively here without the need for MCL designation.[4] NPC seeks consolidation of these cases in Morris County now so that they are best positioned to be efficiently litigated until the NJSC makes its determination on MCL designation. And so that the cases can move forward seamlessly in the event that the NJSC concludes that MCL designation is not warranted.

These cases satisfy the criteria for consolidation under Rule 4:38, and consolidation in Morris County would be in the best interest of efficiency, convenience, and fairness to the parties.

---

[3] Those cases are: *Dattilo v. NPC*, No. MRS-L-730-20; *Myers v. NPC*, No. MRS-L-747-20; *Nakamoto v. NPC*, No. MRS-L-890-20; *Burnett v. NPC*, No. MRS-L-920-20; and *Dalton v. NPC*, No. MRS-L-662-20.
[4] In its opposition to plaintiffs' MCL application, NPC intends to request that in the event the Supreme Court deems MCL designation appropriate, that MCL be placed in Morris County.

3

Accordingly, NPC requests that this Court enter an Order consolidating all Tasigna® cases currently pending in Morris County.

## Background

In these product liability actions, plaintiffs seek damages alleging "injuries resulting from Novartis' intentional failure to warn of dangerous and known risks associated with Tasigna." Compl. ¶ 1. Tasigna® and the class of TKI medications, of which it is a member, have revolutionized the treatment of CML – a cancer that occurs when the blood-forming cells of the bone marrow make too many white blood cells, including immature ones. CML is a relatively uncommon cancer with only about 8,000 new cases each year in the United States. Tasigna® is one of five TKIs that doctors use to treat CML. Without treatment, CML can progress from a chronic phase to an accelerated phase, and finally to blast crisis. In blast crisis, more than thirty percent of the cells in the blood or bone marrow are immature and non-functioning blast cells, and patients develop progressive weakness, weight loss, fever, and an enlarged spleen. Life expectancy for a patient in blast crisis is less than 12 months. Mortality increases as the disease progresses, but occurs at all phases of the disease.

TKIs like Tasigna® are highly effective in treating CML, with long-term overall survival approaching that of age-matched controls.[5] In other words, the majority of CML patients treated with Tasigna® now have a close to normal life expectancy – even though CML had a less than 5-year expected survival rate prior to TKIs.[6] Tasigna® is a "second-generation" TKI initially approved in 2007.[7] Compared to its predecessor (also developed by NPC), Tasigna® results in

---

[5] *See* James A. Kennedy, MD, PhD and Gabriela Hobbs, MD *Tyrosine kinase inhibitors in the treatment of chronic phase CML: strategies for frontline decision-making* (June 1, 2019), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6023770/.

[6] *See* Leukemia – Chronic Myeloid – CML: Statistics (January 2020), https://www.cancer.net/cancer-types/leukemia-chronic-myeloid-cml/statistics#:~:text=Due%20in%20large%20part%20to,mid%2D1970s%20to%2069%25.

[7] *See* 2007 Tasigna label, https://www.accessdata.fda.gov/drugsatfda_docs/nda/2007/022068s000_LBL.pdf.

earlier response, higher response rates, and lower risk of CML progression to advanced stages that lead to bad outcomes, most notably, death.[8] Tasigna® is the only CML therapy with data supporting an FDA-approved label detailing how Tasigna® can suppress CML enough to allow some patients to discontinue CML therapy – something called treatment-free remission.[9] Even with significant advances in life expectancy resulting from revolutionary TKI treatments like Tasigna®, there are only about 58,000 patients with diagnosed CML in the United States at any given time.

Plaintiffs generally allege that Tasigna® causes atherosclerotic-related injuries and that NPC failed to provide adequate warnings regarding that potential risk to their prescribing oncologists. At all times, NPC has provided adequate warnings regarding the available data on cardiovascular events that have occurred in patients receiving Tasigna®. From the first FDA approval of Tasigna in 2007, the label has warned about cardiac-related adverse events– including sudden death and QT prolongation in a boxed warning, as well as coronary artery disease in the "Adverse Reactions" section. NPC first recognized a possible signal for peripheral arterial occlusive disease ("PAOD") in 2010, and since November 2011, Tasigna®'s FDA-approved labeling has warned of reports of PAOD in patients treated with Tasigna® in the "Adverse Reactions" section of the label. In January 2014, NPC revised the label to include a "Warnings and Precautions" section titled "Cardiac and Vascular Events".[10]

---

[8] *See* Hochhaus A, et al. *Long-term benefits and risks of frontline nilotinib vs imatinib for chronic myeloid leukemia in chronic phase: 5-year update of the randomized ENESTnd trial,* https://www.nature.com/articles/leu20165.

[9] *Novartis drug Tasigna® is approved by FDA as first and only CML therapy with Treatment-free Remission data in its label*, Novartis.com (Dec. 22, 2017), https://www.novartis.com/news/media-releases/novartis-drug-tasigna-approved-fda-first-and-only-cml-therapy-treatment-free-remission-data-its-label#:~:text=Students%20and%20Scholars,Novartis%20drug%20Tasigna%C2%AE%20is%20approved%20by%20FDA%20as%20first,Remission%20data%20in%20its%20label.

[10] Letter from Edvardas Kaminskas, Deputy Director, U.S. Food and Drug Administration to Katie Chon, Director, Drug Regulatory Affairs, Novartis Pharmaceuticals Corporation, NDA 022068/S-017 (Jan. 22, 2014), https://www.accessdata.fda.gov/drugsatfda_docs/appletter/2014/022068Orig1s017ltr.pdf and https://www.accessdata.fda.gov/drugsatfda_docs/label/2014/022068s017lbl.pdf (labeling information and enclosure to Jan. 22, 2014 letter).

**Argument**

I. **THE TASIGNA® CASES MEET THE CRITERIA FOR CONSOLIDATION UNDER RULE 4:38-1.**

New Jersey Court Rule 4:38-1 governs the consolidation of related actions. In pertinent part, R. 4:38-1 states:

> "When actions involving a common question of law or fact arising out of the same transaction or series of transactions are pending in the Superior Court, the court on a party's or its own motion may order the actions consolidated."

In every complaint, plaintiffs assert that Tasigna® caused their alleged injuries without providing specific details about when or how the alleged conditions manifested. *See e.g.*, Compl. ¶ 49. Plaintiffs further allege that the Tasigna® label did not "adequately warn of the risks of atherosclerotic-related conditions associated with the drug" in the period before or during the time the plaintiff used Tasigna®. *Id*. at ¶ 50. The alleged injuries vary among plaintiffs, but each person ultimately claims they suffered an atherosclerotic-related injury due to their use of Tasigna®.

Based on plaintiffs' complaints, there are some common questions of law and fact across the cases. Foremost, the issue of general causation – does Tasigna® increase the risk of alleged CVEs – is common to all cases (although there will be differences depending on which CVE each plaintiff alleges). Additionally, while it will not be uniformly relevant to all plaintiffs depending on their dates of use, the regulatory and labeling history for Tasigna® is an issue to be addressed in fact discovery across all cases. For these reasons, the Tasigna® cases currently pending in Morris County should be consolidated.

II. **EFFICIENCY, CONVENIENCE, AND FAIRNESS COUNSEL IN FAVOR OF CONSOLIDATION.**

Under Rule 4:38-1, a Court is enabled to join together pending actions in the interest of promoting judicial efficiency. For several reasons, consolidation of the Tasigna® cases in Morris County would be in the best interest of efficiency, convenience, and fairness.

This Court has processes in place for bringing together like cases filed by multiple plaintiffs against one defendant for purposes of discovery that could be quickly and easily implemented here. The Morris County judiciary has the experience to handle litigation of this nature. There are at least five judges who are familiar with these cases and the parties. The cases could be easily consolidated and assigned to one of those judges for discovery. This would promote efficiency in the use of judicial resources as multiple judges would not have to hear and make rulings on the same issues. This would also promote convenience for the parties where there may be issues that can be resolved in a single instance, rather than multiple times in multiple cases. Finally, these cases are no longer in their infancy and consolidation would allow the parties to continue to efficiently capitalize on the significant progress made to date.

Consolidation of these cases is also fair to all parties and would not result in prejudice to plaintiffs. It would avoid undue delay as the cases are already being litigated here. The venue is obviously convenient for plaintiffs as it is the original filing venue in every case, and ninety-six percent of the cases remain here. Additionally, the benefits of centralized management that plaintiffs seek to avail themselves of in an MCL – most notably rulings by one judge – can be achieved by consolidation here.

Accordingly, the Rule 4:38 criteria for consolidation are met here and this Motion is due to be granted.

## Conclusion

For the foregoing reasons, NPC respectfully requests that the Court grant its Motion to Consolidate before the Superior Court of New Jersey, Law Division, Morris County, and for such other relief as the Court deems proper pursuant to 4:38-1.

Dated: March 9, 2021                              Respectfully submitted,

**HARRIS BEACH PLLC**

By: _____
Kelly Jones Howell, Esq.
Marina Plotkin, Esq.
One Gateway Center, Suite 2500
Newark, New Jersey 07102
(973) 848-1244

Robert E. Johnston, Esq. (*Pro Hac Vice*)
Andrew L. Reissaus, Esq. (*Pro Hac Vice*)
Marchello D. Gray, Esq. (*PHV/Exhibit A matters*)
Hollingsworth<sub>LLP</sub>
1350 I Street Northwest
Washington, District of Columbia 20005
(202) 898-5800

*Attorneys for Defendant*
*Novartis Pharmaceuticals Corporation*

## **CERTIFICATION OF SERVICE**

I certify that on this 9th day of March 2021, I electronically filed Novartis Pharmaceuticals Corporation's Motion to Consolidate with the Clerk of the Court by using eCourts. I further certify that a true and correct copy of Novartis Pharmaceuticals Corporation's Motion to Consolidate was served upon the following counsel via electronic mail:

All Counsel on Attached Service List

_____
Kelly Jones Howell, Esq.

Dated: March 9, 2021

## SERVICE LIST

Melanie Muhlstock, Esq.
Parker Waichman, LLP
6 Harbor Park Drive
Port Washington, NY 11050
516-466-6500
mmuhlstock@yourlawyer.com

Richard Elias, MO Bar #53820
Elias LLC
231 S. Bemiston Ave. Ste. 800
St. Louis, MO 63105
(314) 391-6820
relias@EliasLLC.com

James G. Onder, MO Bar #38049
Lawana S. Wichmann, MO Bar #53999
OnderLaw, LLC
110 E. Lockwood
St. Louis, MO 63119
314-963-9000
314-963-1700 (fax)
wichmann@onderlaw.com

R. Thomas Colonna
Sullivan Papain Block McGrath Coffinas & Cannavo, PC
25 Main Street - Suite 602
Hackensack, NJ 07601
201-342-0037
tcolonna@triallaw1.com

*Attorneys for Plaintiffs*