# Exhibit B

HARRIS BEACH <small>PLLC</small>

ATTORNEYS AT LAW

March 9, 2021

ONE GATEWAY CENTER, SUITE 2500
NEWARK, NJ 07102
973.848.1244

KELLY JONES HOWELL
MEMBER
DIRECT:    212.912.3652
FAX:        212.687.0659
KHOWELL@HARRISBEACH.COM

**VIA FEDEX and EMAIL**
Comments.mailbox@njcourts.gov
Hon. Glenn A. Grant
Acting Administrative Director of the Courts
Attention: MCL Application – Tasigna Litigation
Hughes Justice Complex, P.O. Box 037
Trenton, New Jersey 08611

**Re: Application for Multicounty Litigation Designation for Tasigna® Cases**

Dear Judge Grant:

This firm, along with Hollingsworth<small>LLP</small>, represents Defendant Novartis Pharmaceuticals Corporation (NPC) in all cases filed in New Jersey involving Tasigna®-- a cancer medication used to treat cancer chronic myeloid leukemia (CML). Tasigna® is the only medicine that currently is FDA-approved to provide the possibility of allowing patients to cease treatment for CML if certain treatment goals are met. These cases are the subject of a January 19, 2021 *Rule* 4:38A application for Multicounty Litigation (MCL), which is currently pending before the New Jersey Supreme Court. NPC opposes the creation of an MCL for Tasigna® cases for the reasons set forth below. In the event the Supreme Court determines MCL designation is appropriate and does not deem Morris County to be an appropriate venue, NPC agrees with Bergen County as the MCL vicinage.

## Introduction

While NPC agrees with plaintiffs that a form of consolidation could be appropriate for the collection of pending cases involving Tasigna®, NPC opposes an MCL designation. An MCL is unnecessary and would not create meaningful efficiencies that cannot be obtained via an intra-county consolidation in Morris County – where all of the cases were initially filed by plaintiffs, and where ninety-six of the ninety-nine current cases remain as of the date of this response. Since the first case was filed nearly a year ago in March 2020, these cases have been successfully managed in Morris County Superior Court. Morris County is the location of NPC's headquarters, its witnesses, and relevant corporate documents. Morris County is where the parties have worked together cooperatively for the past year to develop discovery schedules, negotiate discovery disputes, and advance these cases efficiently and expeditiously without significant court time. There has been nothing to suggest that these cases cannot continue moving forward in Morris County. Under the circumstances, MCL designation and assignment to another vicinage would nullify the progress made in Morris County to date in these cases, and introduce unnecessary delays to their ultimate resolution.

Rather than an MCL designation, the best course here is for the cases to remain in plaintiffs' chosen filing venue and for the Court in Morris County to coordinate matters as it determines is appropriate. That would allow the cases to remain in the most logical and appropriate venue,

March 9, 2021
Page 2



protect against the potential burdens and delays associated with MCL designation, and provide the plaintiffs with the benefits of consolidated litigation they seek. To that end, NPC is moving in Morris County to consolidate all Tasigna® cases pending there and will seek a hearing in Morris County as necessary once the MCL Application is decided. NPC has filed its motion in the hopes of presenting its proposed course of action to all of the interested judicial and administrative bodies for consideration and uniform resolution.

In the event the Supreme Court determines MCL designation is appropriate and does not deem Morris County to be an appropriate venue, NPC consents to Bergen County as the MCL site.

## Procedural History

The first Tasigna® case in New Jersey was filed on March 16, 2020, in Morris County. Nine more cases were filed there that month. From April 1 to December 22, 2020, forty-five cases, an average of five per month, were filed by plaintiffs, all in Morris County.  On December 22, three plaintiffs filed Tasigna® cases in Morris County, then quickly dismissed and refiled them in their respective home counties of Essex, Ocean, and Camden counties. Between December 22, 2020, and January 19, 2021, thirteen plaintiffs filed new Tasigna® cases – all in Morris County. On January 19, 2021, counsel for all plaintiffs applied for MCL designation in Bergen County.[1] Since the Application was filed, thirty-four additional plaintiffs have filed cases in New Jersey – again, all in Morris County. On March 9, NPC filed a Motion for Consolidation in Morris County seeking consolidation of all Tasigna® cases pending there (attached as Exhibit A).[2] As of this filing, there are ninety-nine Tasigna® cases pending in New Jersey state courts. Ninety-seven percent of those cases are currently pending in Morris County (96 of 99).  Approximately ninety-three percent of the Tasigna cases filed in New Jersey state court involve plaintiffs from outside New Jersey (92 of 99). The plaintiffs in these cases are all represented by the same small group of experienced law firms. NPC is the sole defendant.  Again, all of these cases were initially filed in Morris County.

## Background

This litigation involves NPC's product, Tasigna® – a tyrosine kinase inhibitor (TKI) medication that is FDA-approved to treat patients with chronic myeloid leukemia. CML is a relatively uncommon cancer with only about 8,000 new cases each year in the United States. Tasigna® is one of five TKIs that doctors use to treat CML. It is highly effective in treating CML by targeting the genetic basis of the cancer, with long-term overall survival approaching that of age-matched controls. In other words, the majority of CML patients treated with Tasigna® now have a close to normal life expectancy – even though CML had a less than 5-year expected survival rate prior to the development of TKIs. Tasigna® is a "second-generation" TKI, initially approved in 2007. Compared to its predecessor, Tasigna® results in earlier response, higher response rates, and lower

---

[1] This followed plaintiffs' first indication that they were considering applying for an MCL designation during a December 9, 2020 Case Management Conference in the matter *Chase v. NPC* (Docket No.: MRS-L-748-20).

[2] If the plaintiffs' MCL application is denied and consolidation in Morris County granted, NPC may move for transfer to Morris County in the only three cases not currently pending there.

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

risk of CML progression to advanced stages that lead to bad outcomes, most notably, death. Tasigna® is the only CML therapy with data supporting an FDA-approved label detailing how Tasigna® can suppress CML enough to allow some patients to discontinue CML therapy – something called treatment-free remission (TFR). Tasigna® thus presents an opportunity for possible remission of the cancer CML without undergoing further anti-cancer therapy. Even with significant advances in life expectancy resulting from revolutionary TKI treatments like Tasigna®, there are only about 58,000 patients with diagnosed CML in the United States at any given time.

Plaintiffs generally allege that Tasigna® causes atherosclerotic-related injuries and that NPC failed to provide adequate warnings regarding that potential risk to their prescribing oncologists. From the first FDA approval of Tasigna in 2007, the label has warned about cardiac-related adverse events in patients treated with Tasigna® – including sudden death and QT prolongation in a boxed warning, as well as coronary artery disease in the "Adverse Reactions" section. NPC first recognized a possible signal for peripheral arterial occlusive disease (PAOD) in Tasigna® users in 2010, disclosed this to the FDA in March 2011, and since November 2011, Tasigna®'s FDA-approved labeling has warned of reports of PAOD in patients treated with Tasigna® in the "Adverse Reactions" section of the label. In January 2014, NPC revised the label to include reports of Cardiac and Vascular events in patients treated with Tasigna® in the "Warnings and Precautions" section of the Tasigna labeling. At all times, NPC has provided adequate warnings regarding the available data on cardiovascular events that have occurred in patients receiving Tasigna®.

## Argument

### I.   MCL Designation is Unnecessary: Morris County is an Appropriate and Capable Venue.

Plaintiffs' selection of Morris County as the initial filing vicinage for all of these cases is compelling evidence that Morris County is the most logical and appropriate venue for the Tasigna® Litigation.  Presumably to enhance their counsel's argument for MCL designation, three plaintiffs who initially filed in Morris County voluntarily dismissed their cases and refiled in other counties (Essex, Ocean, and Camden), where they reside.  Nevertheless, ninety-six of the ninety-nine cases (97%) filed in New Jersey state court remain in Morris County, where the plaintiffs voluntarily chose to file. Additionally, cases filed since the motion for MCL designation have, without exception, been voluntarily filed in Morris County. That this overwhelming majority of cases were filed in Morris County is not surprising.  Nearly all of the cases involve out-of-state plaintiffs (92 of 99), making Morris County – NPC's headquarters and principal place of business – the only venue in New Jersey with any connection to ninety-three percent of the cases. Notably, of the seven cases involving New Jersey resident plaintiffs, only three were re-filed in the residents' home counties – an apparent attempt to dodge any argument that there is no multi-county aspect to the litigation rather than a reflection that plaintiffs view Morris County as an inappropriate venue. Convenience also favors Morris County as corporate documents and corporate witnesses likely to be involved in this case are located in Morris County at NPC's headquarters, making it

March 9, 2021
Page 4



the most convenient location for many witnesses. Simply put, Morris County is the only venue with a connection to all of the filed cases. It is the most logical, most appropriate, and most convenient venue for the Tasigna® cases.

Ninety-eight plaintiffs are represented by the same New Jersey law firm, Parker Waichman LLP, with some plaintiffs also having additional out-of-state co-counsel. NPC is represented by the undersigned counsel and Hollingsworth LLP. Together, the parties, and the small group of attorneys representing them, have developed a productive and cooperative working relationship. This has allowed the parties to negotiate and submit agreed-upon pretrial schedules when required, without exception. The schedules all include periodic Case Management Conferences, which will serve to keep the Courts in Morris County apprised of the parties' progress.

The parties have also made significant progress in discovery over the past year. Collectively, the parties have served approximately eighty-nine sets of written discovery across dozens of cases. Since last June 2020, NPC has provided plaintiffs with more than 480,577 documents that equate to more than ten million pages, consisting of, among other things, over 100,000 company emails from 14 custodians, the Tasigna® regulatory file and organizational charts dating back to 2007, and the identities of numerous individuals involved in the internal evaluation of issues related to cardiovascular events. NPC has also collected 88,000 pages of medical records from plaintiffs' healthcare providers. These cases are poised to move into deposition discovery in earnest. An MCL, which would presumably require new scheduling orders and the restart of fact discovery, would negate the substantial progress made to date and potentially delay resolution of these cases. There is nothing to suggest that handling the cases in Morris County cannot continue to work well moving forward.

The benefits that plaintiffs seek through MCL designation can be provided by intra-county consolidation in Morris County. To the extent plaintiffs seek to have a single judge decide issues that will have litigation wide impacts, any of the judges in Morris County who currently have Tasigna® cases would have the experience to handle litigation of this nature and can decide such issues, bolstered by their familiarity with the cases and the parties. Morris County has experience successfully designing and managing processes for consolidating a group of alike cases brought by multiple plaintiffs against a single defendant.

The Supreme Court should, therefore, decline to create an MCL for the Tasigna cases and allow the judges of Morris County to continue to efficiently and effectively manage these cases, either individually or (at the County's choice) via intra-county consolidation.

## II.    If the MCL Application is Granted, NPC Does Not Oppose Plaintiffs' Vicinage Request.

If the Supreme Court determines that an MCL designation is appropriate and the cases should be removed from Morris County, NPC agrees with plaintiffs that Bergen County is suitable and does not oppose plaintiffs' vicinage request.

March 9, 2021
Page 5

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

### Conclusion

NPC opposes MCL designation because the cases can be efficiently and effectively litigated in Morris County – the most convenient and most logical venue for these cases. NPC is moving in Morris County for consolidation to address plaintiffs' desire to have the cases coordinated, alleviating any burden to plaintiffs from a denial of their MCL application. Because MCL designation is not necessary or beneficial, the application should be denied.

Dated:  March 9, 2021

Respectfully submitted,

**HARRIS BEACH PLLC**

By: _____
Kelly Jones Howell, Esq.
Marina Plotkin, Esq.

One Gateway Center, Suite 2500
Newark, New Jersey 07102
(973) 848-1244

Cc: {via email}
*Attorneys for Plaintiffs:*

Melanie Muhlstock, Esq.
Parker Waichman, LLP
6 Harbor Park Drive
Port Washington, NY 11050
516-466-6500
mmuhlstock@yourlawyer.com

Richard Elias, MO Bar #53820
Elias LLC
231 S. Bemiston Ave. Ste. 800
St. Louis, MO 63105
(314) 391-6820
relias@EliasLLC.com

March 9, 2021
Page 6

**HARRIS BEACH** PLLC

ATTORNEYS AT LAW

James G. Onder, MO Bar #38049
Lawana S. Wichmann, MO Bar #53999
OnderLaw, LLC
110 E. Lockwood
St. Louis, MO 63119
314-963-9000
314-963-1700 (fax)
wichmann@onderlaw.com

R. Thomas Colonna
Sullivan Papain Block McGrath Coffinas & Cannavo, PC
25 Main Street - Suite 602
Hackensack, NJ 07601
201-342-0037
tcolonna@triallaw1.com