# Exhibit C

> **NOT FOR PUBLICATION WITHOUT THE**
> **APPROVAL OF THE COMMITTEE ON OPINIONS**
>
> This opinion shall not "constitute precedent or be binding upon any court." Although it is posted online via eCourts, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

**PREPARED BY THE COURT:**

| | |
|---|---|
| **THERESA DALTON,** | **SUPERIOR COURT OF NEW JERSEY** |
| | **LAW DIVISION: CIVIL PART** |
| *Plaintiff,* | **MORRIS COUNTY** |
| v. | **DOCKET NO. MRS-L-662-20** |
| **NOVARTIS PHARMACEUTICALS CORPORATION,** | **CIVIL ACTION** |
| *Defendants,* | **DECISION** |
| | **DECISION DATE: May 3, 2021** |

This motion is before the Superior Court of New Jersey through the filing of a Motion to Consolidate submitted by Kelly Jones Howell, Esq. (Harris Beach PLLC) on behalf of Defendant. Melanie Muhlstock, Esq. (Parker Waichman, LLP) filed an Opposition on behalf of Plaintiff. Also pending before the Court is Defendant's Motion to Compel Plaintiff's Deposition which Ms. Muhlstock also opposed. Oral argument took place in the virtual court room on April 30, 2021 via Zoom and the following counsel appeared: Melanie Muhlstock, Esq., Kelly Howell, Esq., and Andrew Reissaus, Esq., admitted *pro hac vice* on June 19, 2020 on behalf of the Defendant. Richard Elias, Esq. was also present on behalf of the Plaintiff. Mr. Elias's *pro hac vice* application is returnable before this Court on May 14, 2021.

**Procedural History**

Plaintiff's Complaint was filed on March 16, 2020. The action seeks to recover for injuries resulting from Defendant's alleged failure to warn of dangerous risks associates with the prescription medication Tasigna. On May 6, 2020, Defendant filed their answer. On May 21, 2020, Ms. Howell filed a Motion for *Pro Hac Vice* Admission of Andrew L. Reissaus, Esq. (Hollingsworth, LLP) which the Court granted on June 19, 2020. On March 9, 2021, Ms. Howell submitted a Motion to Consolidate. On April 14, 2021, Ms. Howell submitted a Motion to Compel Plaintiff's Deposition. Ms. Muhlstock submitted separate oppositions to the pending motions. Ms. Howell submitted separate reply briefs to Plaintiff's oppositions.

**Standard of Review**

Authority to consolidate matters is found in Rule 4:38-1(a), which states that matters should be consolidated when they involve "common questions of law or fact arising out of the same transaction or series of transactions . . . ." R. 4:38-1(a); Union Cty. Improvement Auth. v. Artaki, LLC, 392 N.J. Super. 141, 148 (App. Div. 2007). The Rule seeks "to eliminate multiplicity of litigation and to enable the courts so to arrange pending causes that the same facts and transactions would not undergo the inconvenience of double litigation." Judson v. Peoples Bank & Tr. Co., 17 N.J. Super. 143, 144 (Ch. Div. 1951) Consolidation is granted within the discretion of the trial court. See Union County Imp. Auth., 392 N.J. Super. at 299-301.

**Discussion**

1. The Parties' Arguments

Defendant argues that the matters are ripe for consolidation because each plaintiff asserts that Tasigna caused their alleged injuries, and the Tasgina label did not adequately warn of the risks associated with the prescription. Further, while the alleged injuries vary among plaintiffs,

2

each person ultimately claims they suffered an atherosclerotic-related injury that result in common questions of law and fact. Defendant further submits that the regulatory and labeling history of Tasigna is an issue to be addressed in fact discovery across all cases. Defendant advances that in the interest of judicial efficiency and fairness, consolidation is appropriate in that it would streamline discovery and avoid multiple judges having to hear and make rulings on the same issues. In opposition, Plaintiff alleges that the appropriate method for consolidation is through Plaintiff's January 21, 2021 application for Multicounty Litigation (MCL) designation that is still pending before the New Jersey Supreme Court. Plaintiff acknowledged that if the MCL petition is denied, Plaintiff does not oppose consolidation, but until the MCL petition is resolved, Plaintiff submits that a decision on the Motion to Consolidate is premature.

2. <u>Analysis</u>

Since March 2020 ninety-nine Plaintiffs have filed lawsuits in the Superior Court of Morris County alleging injury related to the prescription drug, Tasigna. Those matters are pending before Judges Ramsey, Minkowitz, McGovern, Franzblau, and Bogaard. The alleged injuries vary among plaintiffs, each person ultimately claims they suffered an atherosclerotic-related injury that result in common questions of law and fact, which relate at a minimum, to the regulatory and labeling history of Tasigna. The Court agrees with the Defendant that in the interest of judicial efficiency and fairness in the use of judicial resources, consolidation would be appropriate. However, Plaintiff applied for MCL designation with the New Jersey Supreme Court on January 21, 2021 that is pending now for one-hundred days. There is a probability that the MCL petition will be granted, which would neutralize any consolidation order. Had the Plaintiff not applied for MCL designation, the matter would be ripe for consolidation as to

discovery, and Ms. Muhlstock, during oral argument, agreed with that proposition. For those reasons, Defendant's Motion to Consolidate is denied without prejudice.

Next, the Court will briefly address the Defendant's Motion to Compel the Deposition of Plaintiff. The Complaint in this matter was filed more than one year ago. In January 2021, Plaintiff's counsel filed an application for MCL designation which Defendant contested. Based upon the age of the case, at this juncture, and without direction as to whether this matter will qualify for MCL designation, this Court finds it important that this case advance through discovery (and not languish) in the event that an MCL designation ultimately is denied. If MCL designation is granted, deadlines for case specific discovery would be revisited at that time. The Court denies Defendant's request for counsel fees as result of Plaintiff's good faith argument in support of delaying discovery based upon the pendency of the MCL designation as well as Defendant's failure to provide a certification of attorney services with the motion. See R. 4:42-9(d). The Plaintiff shall appear for her deposition by June 15, 2021.

## Conclusion

For the foregoing reasons, Defendant's MOTION TO CONSOLIDATE is denied without prejudice. Defendant may renew this motion immediately if the MCL Petition is denied; or counsel may submit a Consent Order for Consolidation. Alternatively, as discussed during oral argument, the Court will allow the motion to be refiled on request immediately with no requirement of filing fees or further submissions if the MCL Petition should be denied.

Dated: May 3, 2021         /s/William J. McGovern, III
                           WILLIAM J. MCGOVERN, III, J.S.C.